RECEIVED

MAR 3 0 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| WALTER J. BURDITT, II | CIVIL ACTION NO. 04-1349 |
| versus | JUDGE HICKS |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Plaintiff applied for disability benefits, alleging that he became disabled in July 2001. An ALJ denied his claim by a written decision dated December 9, 2003. The Appeals Council denied a request for review. Plaintiff, represented by counsel, filed this civil action seeking judicial review. The Commissioner filed a transcript of the administrative proceedings, and the parties submitted memoranda.

The undersigned issued a report and recommendation that the Commissioner's decision be affirmed. Plaintiff did not file any objections, and the district judge issued a judgment that was entered on August 23, 2005.

The judgment was the last activity in the case until the undersigned received a letter dated March 28, 2006 from counsel for Plaintiff. A copy of that letter has been filed in the record. Counsel reported that he never received notice of the report and recommendation or judgment and only became aware of them in March 2006 when the U. S. Attorney responded to a letter from counsel in which counsel requested consideration of a recent finding that Plaintiff is disabled as of December 10, 2003. Counsel asks that the unfavorable decision at issue in this case be reversed or remanded.

The undersigned has learned, unfortunately, that the clerk of court did not properly enter the data for this case in the case management system, which resulted in counsel for Plaintiff not receiving notice of the report and recommendation or the judgment. The case was entered within a few days of commencement of a new electronic case management system, and it appears that a data entry error was made. The court apologizes to counsel for that error but, for the reasons set forth below, there does not appear to be any legal grounds for the court to remedy the mistake.

Federal Rule of Civil Procedure 77(d) states that the clerk shall immediately serve notice of the entry of an order or judgment upon each party who is not in default and shall make a note in the docket of the service. That did not happen in this case. The rule continues: "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure."

F.R.A.P. 4(a)(5) permits the district court to *extend* the time to file a notice of appeal if a party files a motion for extension no later than 30 days after the expiration of the time prescribed by Rule 4(a) to file a notice of appeal. No motion was filed within that time, so the other requirements of the rule need not be considered. See Wilkens v. Johnson, 238 F.3d 328, 330 (5th Cir. 2001).

Rule 4(a)(6) permits the district court to *reopen* the time to file an appeal for 14 days if certain conditions are met. "Section (6) is the exclusive authority for the district court to order the reopening of an otherwise expired and no longer extendable time for filing" a notice of appeal. Wilkens, 238 F.3d at 331. The court cannot reopen the period *sua sponte*, and the motion to

reopen must be filed within 180 days after the judgment was entered or within seven days after the moving party does receive notice under Fed. R. Civ. P. 77(d) of the entry, "whichever is earlier." Plaintiff has not filed a motion to reopen, and it is now too late to do so because more than 180 days has passed since the entry of judgment. "Absent the timely filing of such a motion, the court is powerless to reopen the time for filing" a notice of appeal. Wilkens, supra.[1]

The district court may revisit a judgment by granting a new trial or altering or amending its judgment, but a motion requesting such relief must be filed no later than ten days after the entry of the judgment. Fed. R. Civ. P. 59. Rule 60(b) might also be invoked, but the Fifth Circuit has made clear that the rule is not available to afford relief to a party who did not receive notice of the entry of a judgment in time to file an appeal. Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1204-05 (5th Cir. 1993).

Even if the district court were authorized to reconsider the merits of its decision at this time, the undersigned would not recommend any change in the result. The decision rendered by the court was with respect to a December 9, 2003 decision by the ALJ that addressed a claim that Plaintiff was disabled as of July 2001. Plaintiff reports that in December 2005 another ALJ reviewed a new application and found that Plaintiff was disabled. But that ALJ specifically declined to reopen the 2003 decision at issue in this case, and his decision was expressly limited to Plaintiff's disability status since December 10, 2003. The recent decision does not, therefore, require any change in this court's decision, and it does not contain any discussion of evidence

---

[1] F.R.A.P. 4(a)(6) has been amended since Wilkens was decided, but the amendment did not affect the rules of law for which Wilkens has been cited in this order.

relevant to the period at issue in this case that suggests error in the court's disposition of the 2003 decision.

Once again, the court apologizes for the lack of notice to Plaintiff's counsel. For the reasons explained above, the law does not permit relief from these unfortunate circumstances, but the evidence indicates that there would not likely be a change in result even if the district court could reopen the proceedings or permit additional time to file a notice of appeal.

THUS DONE AND SIGNED at Shreveport, Louisiana, on March 30th, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE